**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**


**PRETRIAL SCHEDULE A**

This Pretrial Schedule A ("Schedule A") shall govern the schedule of events in this action; and, therefore, it is incorporated into the Scheduling Order to which it is attached.


## I.    GENERAL INSTRUCTIONS

### A.    Conflict With Local Rules Or Federal Rules Of Civil Procedure

Because they govern events incident to trial and the control of the Court's docket, the Scheduling Orders and Pretrial Orders issued by the Court and this Schedule A shall control over any perceived conflicting Local Rule or Federal Rule of Civil Procedure, unless the party perceiving a conflict shall raise it by motion, brief it in the manner required by the Local Rules and demonstrate therein why the perceived conflicting provision of a Pretrial Order, a Scheduling Order or Schedule A should not control.

### B.    Filing Deadlines And Service Of Papers

1.    If any filing deadline set in this Schedule A or the Scheduling Order or a Pretrial Order falls upon a Saturday, Sunday, or holiday, service on the opposing counsel or party shall be on the last preceding business day. The papers so served shall be filed on the first business day following the Saturday, Sunday, or holiday.

2.    All filing deadlines expire at midnight on the applicable date, except as specifically ordered by the Court.

### C.    Calculation Of The Dates

For the purpose of calculating dates, the date of trial shall not be counted.

### D.    Settlement

Counsel shall notify the Court immediately of any settlement and shall submit a final order within **fifteen (15)** calendar days thereafter unless otherwise ordered by the Court. If such an order is not timely submitted, the action will be dismissed by the Court with prejudice on the basis of the representation that the action has been settled.

### E.    Use of Artificial Intelligence

All attorneys and *pro se* filers must file a certification with any brief or memorandum submitted to the Court that states the following:

1.    No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg; and

2.    Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting *pro se*) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

## II.  MOTIONS

### A.    Local Rule 7

Local Rule 7 shall govern the filing of motions in this action, except where otherwise stated.  All hearing dates should be arranged with the secretary to the district judge.

### B.    Discovery Disputes

Counsel are expected to resolve discovery disputes without filing pleadings or involving the Court.  If, after good faith effort, counsel are unable to resolve disputes, they will be resolved, if at all possible, in a telephone conference without the filing of pleadings.  In the unusual event that resolution of a discovery dispute requires the filing of motions, they shall be filed, briefed and heard in sufficient time to allow completion of the requested discovery by the

discovery cut-off date, taking into account the time allowed for responses and replies under the Federal Rules of Civil Procedure, the Local Rules, or any other Order of the Court.

**C.    Summary Judgment Motions**

1.    All motions for summary judgment shall be filed at the earliest possible date consistent with the requirements of the Federal Rules of Civil Procedure, but such motions shall be filed no later than **forty-five (45)** calendar days before the scheduled Final Pretrial Conference.

2.    A hearing, if desired, shall be scheduled to take place no later than **twenty (20)** calendar days before the Final Pretrial Conference.

**D.    Motions *In Limine***

Motions *in limine*, if any, shall be filed in sufficient time, taking into account the time allowed for responses and replies, to be ripe for hearing no later than **ten (10)** days before the Final Pretrial Conference.    At the discretion of the Court, hearings on motions *in limine* may be deferred until trial.

**III. DISCOVERY**

**A.    Filing Discovery**

Except for good cause shown by motion under Fed. R. Civ. P. 5(d), discovery materials shall not be filed with the pleadings or papers in any case.    Where specific discovery material may appropriately support or oppose a motion, the specific discovery material in question shall be appended as an exhibit to the motion, or in response thereto, without having been previously filed.    Discovery material otherwise permitted to be used at trial may be properly so used, if otherwise admissible, without having been previously filed.

**B.    Privilege Lists**

If a party objects to the production of documents on the grounds of attorney-client privilege, attorney work product doctrine, or any other privilege, the objecting party must provide the requesting party with an inventory list of the documents to which objection is made, together with a brief

description of the document, including the date, the author, and the identity of each recipient, and the claimed basis for its protection, all of which shall be sufficient to permit the opposing party to assess the claim of privilege or protection.

Unless otherwise ordered by the Court on a timely filed motion, claims of privilege or protection shall be waived unless the inventory and description are served with the objections to the request for production in the time required by the Local Rules.

### C.    Close Of Discovery

All fact discovery, including all supplementation, shall be concluded no later than **fifty (50)** calendar days before the Final Pretrial Conference.

## IV.    EXPERTS

1.    Local Rule 26 shall govern disclosure and discovery of experts and their reports.

2.    Unless the Court orders otherwise for good cause shown, expert witnesses and reports not disclosed as required by Fed. R. Civ. P. 26(a)(2) and (3) and the deadlines established herein shall not be allowed to testify or be admitted into evidence, as the case may be.

3.    Only one expert per discipline is permitted, except by order of the Court.

## V.    TRIAL PREPARATION PROCEDURES AND DEADLINES

### A.    Written Stipulations

1.    No later than **twenty-four (24)** calendar days before the Final Pretrial Conference, counsel for each party shall meet and confer in a good faith effort to enter into written stipulations of uncontroverted facts.  Unless the parties agree otherwise, this conference shall be held at the counsel's office that is closest to the courthouse.

2.    Written stipulations shall be signed by each counsel and filed no later than **eleven (11)** calendar days before the Final Pretrial Conference.

**B.  Discovery Designations And Summaries**

1.  No later than **twenty-one (21)** calendar days before the Final Pretrial Conference, all parties shall serve on all other counsel a list of all discovery materials, specifying the appropriate portions thereof, that the party intends to offer at trial.

3.  No later than **fourteen (14)** calendar days before the Final Pretrial Conference, all parties shall serve on all counsel, a list of all "fairness" or rebuttal designations and amended summaries, as appropriate.

4.  No later than **eleven (11)** calendar days before the Final Pretrial Conference, any **objection** to the introduction of any designation or parts thereof or any summary shall be filed by each of the parties in writing with the Clerk.  Such objection shall be deemed to have been waived if not timely filed.

5.  No later than **nine (9)** calendar days before the Final Pretrial Conference, counsel shall confer to resolve objections to discovery designations.  If objections are not resolved, they shall be determined at the Final Pretrial Conference.

It shall be the responsibility of the objecting party to file the specific discovery designation or summary with the party's objections thereto.  All such documents shall be clearly marked, indexed, and easily reviewable.

The party offering the designated discovery shall be responsible for:  (i) conforming it to the agreement reached by the parties or to the rulings on the objections; (ii) filing the conformed version; and (iii) providing opposing counsel and the Court with a conformed set of all designated discovery **five (5)** calendar days before the Final Pretrial Conference.

6.  This paragraph on designations shall not apply to discovery materials that will be used at trial solely in cross-examination or for impeachment.

**C.    Witness Lists**

1.    On or before **eighteen (18)** calendar days before the Final Pretrial Conference, **plaintiff** shall file a list of all witnesses intended to be called at trial.

2.    On or before **sixteen (16)** calendar days before the Final Pretrial Conference, **defendant** shall file a corresponding list of all witnesses intended to be called at trial.

3.    A copy of each subpoena issued for a witness' attendance at trial shall be filed.  No witness who has been subpoenaed may be excused except by leave of court or, if the witness has not testified at trial, with the consent of all parties.

4.    Failure to comply with the provisions of this section will, in the absence of exceptional circumstances, result in preclusion of the testimony of the witness and/or sanctions.

**D.    Exhibits**

1.    On or before **eighteen (18)** calendar days before the Final Pretrial Conference, **plaintiff** shall file a list of proposed exhibits.

2.    On or before **sixteen (16)** calendar days before the Final Pretrial Conference, **defendant** shall file a list of proposed exhibits.

3.    Any exhibit not listed and timely filed will not be admitted at trial unless used solely for impeachment or rebuttal purposes.  Counsel are admonished that the filing of exhibits deemed by the Court to be unnecessary to a just disposition of the case may be found to be violative of 28 U.S.C. § 1927 and the filing of unnecessary exhibits will be the basis for sanctions.

4.    A set of exhibits shall be delivered to the opposing party on the date the serving party's exhibit list is filed.

5.   Exhibits shall be arranged in a notebook, with each exhibit marked and individually tabbed.  Each exhibit notebook should contain an index identifying each exhibit by number and with a short neutral description.

6.   **Objections** to exhibits shall be filed **twelve (12)** calendar days before the Final Pretrial Conference.  Any exhibit to which no objection is made shall be admitted without further action.

7.   If counsel so desire, exhibit notebooks may also be provided for each juror.  No exhibit or photograph shall be shown to the jury unless a separate copy thereof is available for each juror or is of such a size as to be easily seen from the jury box.

8.   On the day before the trial, each party shall deliver to the Clerk's Office two sets of pre-marked, indexed exhibits (one for the judge; and one for the witness).

9.   Exhibits as to which objections are taken shall be brought to the Final Pretrial Conference.

E.   **Jury Instructions**

1.   If this action is to be tried by a jury, each party shall file a complete set of proposed jury instructions on or before **ten (10)** calendar days before the Final Pretrial Conference.  Objections to instructions shall be filed in writing **seven (7)** calendar days before the Final Pretrial Conference.  Each party shall file a proposed jury verdict form with its instructions.

2.   Counsel shall make every effort to resolve objections, to consolidate jury instructions, and to tender an agreed set of instructions to the Court.  **Four (4)** calendar days before the Final Pretrial Conference, counsel for the plaintiff shall file (a) a set of all instructions as to which the parties are in agreement; and (b) a separate set of instructions as to which there remains a dispute, and, with respect to each such instruction, shall briefly state the points on which the parties are still in dispute.

3.   Instructions shall be filed as a group with a cover page in pleading form and with a certificate of service at the end.  Each instruction shall be set forth on a separate page, shall be numbered and identified by the party submitting

it (e.g., "P-1" or "D-1") and the original shall bear at its foot a citation of authority supporting the instruction.

**F.    Findings Of Fact And Conclusions Of Law**

1.    If this action will not be tried by a jury, each party shall file proposed findings of fact and conclusions of law not later than **ten (10)** calendar days before trial.

2.    The proposed findings of fact and conclusions of law shall be in numbered paragraphs.  Conclusions of law shall cite authority.

**G.    Voir Dire**

Any proposed voir dire questions shall be filed and delivered to opposing counsel not later than **seven (7)** calendar days before trial.  Objections to voir dire questions shall be filed **three (3)** calendar days before trial.

**H.**    If no Final Pretrial Conference is set, all deadlines measured from the Final Pretrial Conference shall be measured instead from the trial date.