## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| MARIA CAMILLA VALENCIA RIOS, *on behalf of herself and all similarly situated individuals*  )<br>)<br>)<br>Plaintiff,    )<br>)<br>v.                 )<br>)<br>BELVEDERE NRDE, LLC, and PEGASUS   )<br>RESIDENTIAL, LLC,           )<br>)<br>Defendants.       ) | Civil Action No. 3:25-cv-474 |

## ANSWER

Defendant Belvedere NRDE, LLC ("Belvedere"), by counsel, in accordance with the Court's Scheduling Order, hereby answers Plaintiff Maria Camila Valencia Rios's Complaint as follows:

### Preliminary Statement

1. Paragraph 1 of the Complaint consists of Plaintiff's summary of the nature of the case to which no response is required. To the extent it contains any allegations requiring a response, Belvedere denies them.

2. Paragraph 2 of the Complaint consists of Plaintiff's summary of the nature of the case to which no response is required. To the extent paragraph 2 contains any allegations requiring a response, Belvedere denies them. Belvedere specifically denies any "fraudulent and unlawful conduct."

3. Belvedere denies the allegations in paragraph 3.

4. Belvedere denies the allegations in paragraph 4 of the Complaint.

5. Belvedere denies the allegations in paragraph 5.

**Jurisdiction and Venue**

6. Paragraph 6 of the Complaint contains legal conclusions and statements of law to which no response is required. To the extent a response is required to the allegations set forth in paragraph 6 of the Complaint, Belvedere admits the truth of its citizenship and that of Plaintiff Rios, denies any other factual allegations that may apply to Belvedere (Belvedere is not authorized to answer on defendant Pegasus's behalf), and state that the referenced legal authorities speak for themselves.

7. Paragraph 7 of the Complaint contains legal conclusions regarding the scope of the alleged class to which no response is required. To the extent a response is required to the allegations set forth in paragraph 7 of the Complaint, Belvedere admits to the number of units attributed to it, but lacks sufficient knowledge to admit or deny the allegations with respect to Pegasus.

8. Belvedere denies the allegations in paragraph 8.

9. Belvedere denies the allegations in paragraph 9.

10. Paragraph 10 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Belvedere denies the allegations in paragraph 10.

11. Paragraph 11 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Belvedere denies the allegations in paragraph 11.

**Parties**

12. On information and belief, Belvedere admits the allegations in paragraph 12.

13. Belvedere admits the allegations set forth in paragraph 13 of the Complaint.

14. In response to Paragraph 14, Belvedere admits that it is the owner and lessor of certain dwelling units in The Belvedere, including the unit in which Plaintiff Rios is a tenant. The

remaining allegations in paragraph 14 consist of legal conclusions to which no response is required. To the extent further response is deemed required, Belvedere denies the allegations in paragraph 14.

15. In response to Paragraph 15, Belvedere admits only that The Belvedere is advertised, operated, managed, and leased by Pegasus on behalf of Defendant Belvedere. Belvedere lacks sufficient information to admit or deny the allegations in paragraph 15, and, therefore, denies them.

16. The allegations in paragraph 16 of the Complaint are addressed to defendant Pegasus, for which Belvedere has no authority to respond. To the extent any factual allegations in the paragraph apply to Belvedere, they are denied.

## **Facts**

17. On information and belief, Belvedere admits the allegation set forth in paragraph 17 of the Complaint.

18. On information and belief, Belvedere admits the allegations set forth in paragraph 18 of the Complaint.

19. In response to paragraph 19, Belvedere states that the referenced document speaks for itself and denies all allegations at variance with the terms thereof.

20. In response to paragraph 20, Belvedere states that the referenced document speaks for itself and denies all allegations at variance with the terms thereof.

21. In response to paragraph 21, Belvedere states that the referenced document speaks for itself and denies all allegations at variance with the terms thereof.

22. In response to paragraph 22, Belvedere states that the referenced document speaks for itself and denies all allegations at variance with the terms thereof.

23. In response to paragraph 23, Belvedere states that the referenced document speaks for itself and denies all allegations at variance with the terms thereof.

24. The allegations in paragraph 24 of the Complaint are addressed to defendant Pegasus, for which Belvedere has no authority to respond. To the extent any factual allegations in the paragraph apply to Belvedere, they are denied.

25. Belvedere denies the allegations in paragraph 25.

26. Belvedere denies the allegations in paragraph 26.

27. Belvedere denies the allegations in paragraph 27.

28. Belvedere denies the allegations in paragraph 28.

29. Belvedere denies the allegations in paragraph 29.

30. The allegations in paragraph 30 of the Complaint are addressed to defendant Pegasus, for which Belvedere has no authority to respond. To the extent any factual allegations in the paragraph apply to Belvedere, they are denied.

31. Belvedere denies the allegations in paragraph 31.

32. The allegations in paragraph 32 of the Complaint are addressed to defendant Pegasus, for which Belvedere has no authority to respond. To the extent any factual allegations in the paragraph apply to Belvedere, they are denied.

33. Belvedere denies the allegations in paragraph 33.

34. Belvedere denies the allegations in paragraph 34.

35. Belvedere denies the allegations in paragraph 35.

36. Belvedere denies the allegations in paragraph 36.

37. Belvedere denies the allegations in paragraph 37.

38. Belvedere denies the allegations in Paragraph 38.

## Count One
## Violation of VCPA, Va. Code 59.1-200
### (Class and Individual Claim by Plaintiff against Defendant Pegasus)

39. Belvedere incorporates by reference paragraphs 1-38 of its Answer as if fully stated herein.

40-56. Paragraphs 40-56 of the Complaint (comprising "Count One") are addressed to defendant Pegasus, for which Belvedere has no authority to respond. To the extent any factual allegations in the paragraphs apply to Belvedere, they are denied.

## Count Two
## Violation of VRLTA, Va. Code 55.1-1220
### (Class and Individual Claim by Plaintiff against Belvedere)

57. Belvedere incorporates by reference paragraphs 1-56 of its Answer as if fully stated herein.

58. Paragraph 58 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Belvedere denies the allegations in paragraph 58.

59. Paragraph 59 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Belvedere denies the allegations in paragraph 59.

60. Paragraph 60 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Belvedere denies the allegations in paragraph 60.

61. Paragraph 61 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Belvedere denies the allegations in paragraph 61.

62. Paragraph 62 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Belvedere denies the allegations in paragraph 62.

63. Paragraph 63 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Belvedere denies the allegations in paragraph 63.

64. Belvedere denies the allegations in paragraph 64.

65. Paragraph 65 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Belvedere denies the allegations in paragraph 65.

66. Belvedere denies the allegations in paragraph 66.

67. Paragraph 67 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Belvedere denies the allegations in paragraph 67.

68. Paragraph 68 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Belvedere states that the lease speaks for itself and denies any allegations at variance with the terms thereof. Belvedere denies the remaining allegations in paragraph 68.

69. Belvedere denies the allegations in paragraph 69.

70. Belvedere denies the allegations in paragraph 70.

71. Belvedere denies the allegations in paragraph 71.

### Count Three
### Violation of VCPA, Va. Code 59.1-200
(Class and Individual Claim by Plaintiff against Belvedere)

72. Belvedere incorporates by reference paragraphs 1-71 of its Answer as if fully stated herein.

73. Paragraph 73 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Belvedere denies the allegations in paragraph 73.

74. Paragraph 74 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Belvedere lacks sufficient information to admit or deny the allegations in paragraph 74, and, therefore, denies them.

75. Paragraph 75 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Belvedere lacks sufficient information to admit or deny the allegations in paragraph 75, and, therefore, denies them.

76. Paragraph 76 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Belvedere denies the allegations in paragraph 76.

77. Paragraph 77 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Belvedere lacks sufficient information to admit or deny the allegations in paragraph 77, and, therefore, denies them.

78. Paragraph 78 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Belvedere lacks sufficient information to admit or deny the allegations in paragraph 78, and, therefore, denies them. To the extent that the allegations set forth in paragraph 78 of the Complaint contain factual allegations requiring a response, Belvedere denies any allegations relating to its conduct, which paragraph 78 of the Complaint misattributes to defendant Pegasus, and further denies any allegations relating to judicial economy.

79. Paragraph 79 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Belvedere states that the lease speaks for itself and denies all allegations at variance with the terms thereof. Belvedere denies any remaining allegations in paragraph 79.

80. Paragraph 80 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Belvedere states that the lease speaks for itself and denies all allegations at variance with the terms thereof. Belvedere denies any remaining allegations in paragraph 80.

81. Paragraph 81 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Belvedere states that the lease speaks for itself and denies all allegations at variance with the terms thereof. Belvedere denies any remaining allegations in paragraph 81.

82. Belvedere denies the allegations in paragraph 82.

83. Belvedere denies the allegations in paragraph 83.

84. Belvedere denies the allegations in paragraph 84, assuming they are misattributed to Defendant Pegasus and intended to be directed at Belvedere. If Plaintiff meant to direct these allegations against Pegasus, Belvedere is not authorized to answer on Pegasus's behalf, and does not purport to do so here.

85. Belvedere denies the allegations in paragraph 85.

86. Belvedere denies the allegations in paragraph 86.

87. Belvedere denies the allegations in paragraph 87.

88. Belvedere denies the allegations in paragraph 88.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim for which relief can be granted.

2. Any fees challenged by Plaintiff were voluntarily agreed to as part of valid and enforceable lease agreements permitted by the VRTLA.

3. Belvedere did not willfully violate the VRLTA or the VCPA.

4. Plaintiff's VCPA claim is barred by Code § 59.1-199(5).

5. Plaintiff has suffered no damages as pest control services and community amenities were provided and accepted.

6. Plaintiff's claims are barred by the voluntary payment doctrine.

7. Plaintiff cannot obtain duplicative recovery under the VRLTA and the VCPA.

8. Punitive damages are not available for violations of the VRLTA or VCPA.

9. Putative class members' claims are not uniform in light of the varied length and timings of their tenancies.

Belvedere reserves the right to raise any additional defenses that may come to light through investigation of Plaintiff's claims, discovery, and the litigation process generally.

WHEREFORE, Defendant Belvedere NRDE, LLC, by counsel, having denied all material allegations against it and asserted its affirmative defenses thereto, respectfully request that this Court dismiss the Complaint and award it all other relief the Court deems just and proper. Respectfully submitted,

                                                **BELVEDERE NRDE, LLC**

                                                */s/      Jeffrey P. Miller*
                                                         Of Counsel

Jeffrey P. Miller (VSB No. 89410)
Jon R. L. Roellke (VSB No. 98039)
GENTRY LOCKE
919 E. Main Street, Suite 1130
Richmond, VA 23219
Telephone: 804-297-3700
Facsimile: 540-983-9400
Miller@gentrylocke.com
jroellke@gentrylocke.com

*Counsel for Belvedere NRDE, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2025, the foregoing was electronically filed with the Clerk of Court using the CM/ECF System, which will send a notification of such filing to all authorized users.

                                               */s/ Jeffrey P. Miller*
                                                                 Counsel