IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| MARIA CAMILA VALENCIA RIOS, *on behalf of herself and all similarly situated individuals*,<br><br>    Plaintiff,<br><br>v.<br><br>BELVEDERE NRDE, LLC, and PEGASUS RESIDENTIAL, LLC,<br><br>    Defendants. | Civil Action No. 3:25-cv-00474-REP |

## [PROPOSED] CERTIFICATION ORDER PURSUANT TO RULE 5:40 OF THE RULES OF THE SUPREME COURT OF VIRGINIA

The United States District Court for the Eastern District of Virginia, upon the Motion of the Defendants in the above-captioned case, exercising the privilege afforded this Court by the Supreme Court of Virginia through that Court's Rule 5:40 to certify questions of law to that Court when a question of Virginia law is determinative in a pending action and there is no controlling Virginia precedent on point, requests that the Supreme Court of Virginia exercise its discretion to answer the question of state law set forth below. This Court addresses each of the requirements for a Certification Order under Rule 5:40(c) of the Rules of the Supreme Court of Virginia below.

1. **The nature of the controversy in which the question arises and a statement of facts relevant to the question (Va. Sup. Ct. R. 5:40(c)(i) and (iii)).**

    The Plaintiff rents an apartment at a complex called The Belvedere. She asserts claims on behalf of herself and putative classes of other residents under the Virginia Consumer Protection Act ("VCPA") and the Virginia Residential Landlord and Tenant Act ("VRLTA") against her landlord Belvedere NRDE, LLC ("Belvedere LLC") and the management company for The

Belvedere, Pegasus Residential LLC ("Pegasus").[1] Plaintiff's VCPA and VRLTA claims concern two fees she agreed to in her leases: a Pest Fee and a Community Fee.[2]

Plaintiff does not dispute that Defendants disclosed these fees in her lease and that she agreed to them. She does not allege that Defendants charged her more than what was disclosed in the lease. She does not allege that Defendants failed to provide the services covered by the fees. It is also clear from the lease agreements that Defendants remain responsible for providing pest control services and maintaining common areas at Plaintiff's apartment complex.

However, Plaintiff contends that pest control and the maintenance of common areas are services required by the statutory warranty of habitability, and therefore, it is illegal for Defendants to charge tenants any fees for those services. Specifically, she contends that by including the fees in her lease—and Defendants' leases with other tenants in the class—Defendants are forcing tenants to waive the statutory warranty of liability found in Virginia Code § 55.1-1220. The Court of Appeals recently held that such waivers are unenforceable under the VRLTA. *See e.g.*, *Parrish v. Vance*, 898 S.E.2d 407 (2024). Plaintiff contends that her claims are consistent with, and build upon, the Court of Appeals' holding in *Parrish*.

*Parrish* addressed a lease with the following provision: "Tenant shall be responsible for . . . [c]ontrolling and eliminating household pests, including but not limited to fleas, ticks, bed bugs, roaches, silverfish, ants, crickets, and rodents during occupancy. Tenant shall be responsible for the costs of the elimination of all such pests and vermin during occupancy and upon vacating

---

[1] The putative class includes other residents at The Belvedere as well as residents of other properties managed by Pegasus in the Commonwealth.

[2] Plaintiff's initial and renewal lease contained these fees. The Pest Fee was $9.00 per month. The Community Fee was $23.00 per month in Plaintiff's initial lease and increased to $34.00 per month in her renewal lease. Aside from the increase in the Community Fee, the initial and renewal leases were the same in all relevant respects.

2

Premises." *Id*., at 411. When the tenant's landlord failed to cure a flea infestation, she broke her lease and sued the landlord, arguing that the VRLTA "imposes a nonwaivable warranty of habitability on residential leases and that the flea infestation and Parrish's failure effectively to resolve it breached that warranty." *Id*.

The Court of Appeals noted that the VRLTA prohibits lease provisions that purport to waive "rights or remedies made nonwaivable by statute." *Id*. (citing Va. Code Ann. § 55.1-1208(A)). The court had to decide the novel question of whether the statutory warranty of habitability in the VRLTA is one of those "nonwaivable" rights. Relying on the plain language of the statute, the Court of Appeals concluded that it is. *Id*., at 412–13. Because the lease in *Parrish* "attempted to shift the burden to deal with insect infestations to Vance" the Court held that this provision was illegal under the VRLTA. *Id*., at 413.

Plaintiff contends that the Pest Fee and Community Fee are also impermissible waivers of the statutory warranty of habitability in violation of the VRLTA. She alleges that by including these fees in their lease agreements, Defendants "misrepresent[ed] the nature of the lease transaction in representing that tenants must pay an additional cost" for pest control and properly maintained common areas and amenities. *See* Compl., at ¶¶ 28, 36, 80. Plaintiff argues that her position is a natural extension of the holding and logic set forth in *Parrish*. *Id*., at ¶¶ 3, 27, 65, 67.

## 2. The question of law to be answered (Va. Sup. Ct. 5:40(c)(2)).

Does a landlord violate the Virginia Residential Landlord and Tenant Act by charging a tenant fee for any service that may be related to the warranty of habitability, even if the landlord retains the responsibility for providing the service under the lease and the fee is fully disclosed and agreed upon in the lease?

3. **The names of each of the parties involved (Va. Sup. Ct. 5:40(c)(4)).**

   - **Plaintiff(s):** Maria Camila Valencia Rios, on behalf of herself and the following putative classes of individuals:

     o All persons who: (1) executed a lease within the past two years at a property managed by Defendant Pegasus and located in Virginia under which they (2) paid a Pest Fee and/or Community Fee.

     o All persons who: (1) executed a lease with Defendant Belvedere under which they (2) paid a Pest Fee and Community Fee.

   - **Defendants:**

     o Belvedere NRDE, LLC

     o Pegasus Residential, LLC

4. **The name, Virginia State Bar number, mailing address, telephone number (including any applicable extension), facsimile number (if any), and e-mail address (if any) of counsel for each of the parties involved (Va. Sup. Ct. R. 5:40(c)(5)).**

   - **Plaintiff's Counsel:**

     Kristi C. Kelly (VSB #72791)
     Andrew J. Guzzo (VSB #82170)
     Casey S. Nash (VSB #84261)
     J. Patrick McNichol (VSB #92699)
     Matthew G. Rosendahl (VSB #93738)
     KELLY GUZZO, PLC
     3925 Chain Bridge Road, Suite 202
     Fairfax, VA 22030
     Telephone: (703) 424-7572
     Facsimile: (703) 591-0167
     kkelly@kellyguzzo.com
     aguzzo@kellyguzzo.com
     casey@kellyguzzo.com
     pat@kellyguzzo.com
     matt@kellyguzzo.com

   - **Counsel for Belvedere LLC:**

     Jeffrey P. Miller (VSB #89410)
     Jon R. L. Roellke (VSB #98039)
     GENTRY LOCKE
     919 E. Main Street, Suite 1130

      Richmond, VA 23219
      Telephone: 804-297-3700
      Facsimile: 540-983-9400
      Miller@gentrylocke.com
      jroellke@gentrylocke.com

- **Counsel for Pegasus:**

    James W. Walker (VSB #29257)
    C. Quinn Adams (VSB #90506)
    Melisa Azak (VSB #98089)
    O'HAGAN MEYER
    411 East Franklin St., Suite 500
    Richmond, VA 23219
    Telephone: (804) 403-7100
    Facsimile: (804) 403-7100
    jwalker@ohaganmeyer.com
    cadams@ohaganmeyer.com
    mazak@ohaganmeyer.com

    Dana J. Finberg (VSB #34977)
    O'Hagan Meyer
    1 Embarcadero Center, Suite 2100
    San Francisco, CA 94111
    Telephone: (415) 578-6902
    Facsimile: (415) 578-6910
    dfinberg@ohaganmeyer.com

5. **A brief statement explaining how the certified question of law is determinative of the proceeding in the certifying court (Va. Sup. Ct. R. 5:40(c)(6)).**

Plaintiff's claims all rely on the common contention: The Pest and Community Fees are *per se* illegal because they are an attempt to waive the warranty of habitability. Plaintiff contends that charging the Pest Fee "unlawfully shifts the burden to maintain a pest-free premises" onto the tenants and forces the tenants "to waive their right to the warranty of habitability guaranteed by Virginia Law." ECF 1, at ¶¶ 26–27, 29. She describes the Community Fee as a "blatant attempt to evade the landlord's obligation to maintain its property's common spaces." *Id.*, at ¶¶ 33–34. Thus, she contends that Defendants misrepresented the "nature of the lease transaction" because requiring the fee "represent[ed] that tenants must pay an additional cost in order to reside at the

5

property and secure a right to a pest-free premises" and "properly maintained common spaces." *Id.*, at ¶¶ 28, 36, 80.

Plaintiff's class allegations rest on the same contention. In addressing the "common questions of law and fact" requirement for class certification under Rules 23(a)(2) and (b)(3) of the Federal Rules of Civil Procedure across the two putative classes, Plaintiff identifies two central questions that squarely implicate her contention that when a landlord charges a fee for a service covered by the warranty of habitability, that landlord unlawfully attempts to waive the warranty:

> "[W]hether [Defendants] misrepresented to Plaintiff and the putative class members in their lease agreements that payment of a Pest Fee and/or a Community Fee was necessary to secure their right to properly maintained common spaces and pest-free premises"; and
>
> [W]hether Belvedere violated Va. Code § 55.1-1220 by evading its obligation to maintain the building's common spaces and forcing tenants to waive the warrant of habitability through the lease agreement."

*See* Compl., at ¶¶ 42, 60, and 75.

The only other common questions Plaintiff identifies across her three claims and two classes are: (1) whether Belvedere LLC qualifies as a landlord under the VRLTA; (2) whether the Defendants' actions were willful; and (3) the appropriate measure of damages. Belvedere, LLC admitted that it is the "owner and lessor" of The Belvedere, meaning that the first of these remaining questions has already been answered in the affirmative. *See* ECF 16, at ¶ 14; *See* Va. Code Ann. § 55.1-1200 (defining "landlord" under the VRLTA). The remaining two questions simply concern the amount and extent of damages available.

Finally, Plaintiff's contention is a pure issue of law. She does not allege that Defendants failed to disclose the Pest or Community Fees to her, or charged her more than they disclosed in her lease. Nor does she allege that the Defendants charged her the fees for services they never provided. Unlike the lease at issue in *Parrish*, Plaintiffs' lease is clear that Defendants remain

responsible for providing pest control and maintaining the common areas. Plaintiff simply contends that the fees are *per se* illegal.

An answer from the Supreme Court of Virginia on whether Plaintiff's contention is correct will likely be dispositive of major issues of liability in this case. If Plaintiff is correct that the fees are illegal, while Defendants may maintain some defenses to liability, the main focus upon remand will be on class certification and damages. If Plaintiff is incorrect, it is likely that her claims fail altogether.

6. **A brief statement setting forth relevant decisions, if any, of the Supreme Court and the Court of Appeals of Virginia and the reasons why such decisions are not controlling (Va. Sup. Ct. R. 5:40(c)(7)).**

*Parrish* was the first decision of a Virginia appellate court to address whether the statutory warranty is unwaivable, and if so, whether a lease agreement purporting the waive the warranty is enforceable. The Court of Appeals concluded that the warranty is unwaivable and that any provision attempting to waive the warranty is unenforceable. But aside from that general principle, *Parrish* is of little help in deciding the issues in this case.

The lease at issue in *Parrish* included a provision that shifted all responsibility for pest control and the associated costs onto the tenant. No one disputed the meaning or effect of that provision. Indeed, the landlord argued that this provision was valid and enforceable and precluded the tenant from citing a flea infestation as grounds to terminate her lease. The Court of Appeals disagreed and held that the lease was unenforceable.

The lease at issue in this case is materially different than the one at issue in *Parrish*. Defendants note their duties under the warranty of habitability in several places throughout Plaintiff's lease. They assume the duty to perform pest control and limit Plaintiff's ability to perform pest control on her own. They also assume the duty to maintain common areas at the

facility. There was no dispute in *Parrish* that the landlord sought to waive the warranty of habitability with respect to pest control. Here, the question of whether the fees constitute such a waiver is at the very center of the parties' dispute.

That dispute turns on a legal question that neither the legislature through the VRLTA, nor *Parrish,* nor any other Virginia Court has answered: Does a landlord waive the warranty of habitability by charging a fee for services related to the warranty? Given the recent vintage of the rule in *Parrish* that the statutory warranty of habitability is unwaivable, the lack of guidance from the Commonwealth's appellate courts on whether fees are the equivalent of an attempt to waive the warranty, and the consequential nature of the question for the parties and others in the Commonwealth, this Court respectfully asks the Supreme Court to answer that question.

## CONCLUSION

This Court requests that the Supreme Court of Virginia exercise its jurisdiction pursuant to Rule 5:40 and answer the question certified. The Clerk of this Court shall send a copy of this order, certified under the seal of this Court, to the Clerk of the Supreme Court of Virginia. If requested by the Supreme Court of Virginia, the Clerk shall also send the original or copies of all or any portions of the record in this case to the Supreme Court of Virginia. Let the Clerk send copies of this order to all counsel of record.

                                                Robert E. Payne
                                                Senior United States District Court Judge

Richmond, Virginia
Date: